UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARLENE M. KLOBE,                          )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )          Case No. 4:20CV1231 HEA
                                           )
KILOLO KIJAKAZI,[1]                        )
Acting Commissioner of Social Security,    )
                                           )
          Defendant.                       )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court for judicial review of the final decision of the

Commissioner of Social Security denying the application of Plaintiff for a claim

for a Period of Disability, disability insurance benefits and supplemental security

income benefits under Titles II and XVI, 42 U.S.C. §§ 401-434, 1381-1385.  The

The Court has jurisdiction over the subject matter of this action under 42

U.S.C. § 405(g). Plaintiff filed a brief in support of the Complaint,  Defendant filed

a brief in support of the Answer, and Plaintiff has filed a reply brief. The Court has

reviewed the parties' briefs and the entire administrative record, including the

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

transcripts and medical evidence. Based on the following, the Court finds the Commissioner's final decision is not supported by substantial evidence on the record as a whole, and the case will be reversed and remanded for further proceedings.

## Background

Plaintiff filed this case under 42 U.S.C. § 405(g) for judicial review of Defendant's final decision denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI.

On July 27, 2018, Plaintiff protectively filed an application for benefits, alleging disability beginning on June 29, 2018. In her application, Plaintiff stated she was born in 1963 and alleged that she became disabled on June 29, 2018.

Plaintiff's applications were denied. Plaintiff filed a timely Request for Hearing by Administrative Law Judge (ALJ). After a hearing on November 14, 2019, the Administrative Law Judge ("ALJ") issued an unfavorable decision dated January 30, 2020. Plaintiff filed a timely Request for Review of Hearing Decision with the Social Security Appeals Council. On August 24, 2020, the Appeals Council denied Plaintiff's request for review and the decision of the ALJ became Defendant's final decision. Plaintiff has exhausted administrative remedies.

## Legal Standard

The Act defines as a disability the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a)(1); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). First, the Commissioner considers the claimant's work activity. If the claimant is currently engaged in "substantial gainful activity," the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611.

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe physical or mental impairment or combination of impairments. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); see also 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); see also 20 C.F.R. §§ 416.920(c), 416.920a(d). If the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); McCoy, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). "RFC is defined as the most a claimant can still do despite his or her physical or

mental limitations." *Martise v. Astrue*, 641 F.3d 909, 912 (8th Cir. 2011); see also 20 C.F.R. § 416.945(a)(1). While an RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," it is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20

C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id*. At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted case omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex*

*rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016) (quotation marks and quoted case omitted).

## The ALJ's Decision

Applying the foregoing five-step analysis, at Step 1, the ALJ found that Plaintiff has not performed substantial gainful activity since the alleged onset date of disability on June 29, 2018. At Step 2, the ALJ found that Plaintiff's severe impairments are rheumatoid arthritis, obesity, status-post open reduction internal fixation (ORIF) surgery on left ankle and hand, degenerative disc disease, and degenerative joint disease of the right knee and degenerative joint disease of the hips. At Step 3, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19) The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR 4044.1567(c) except she is limited to occasional foot controls with the left foot; occasional ladders, ropes, and scaffolds' frequent stoop, kneel, crouch and crawl; and only occasional exposure to vibration or hazardous machinery.

At Step 4, the ALJ found that Plaintiff can perform past relevant work as a coil operator.

## Discussion

Plaintiff challenges the ALJ's decision as not supported by substantial evidence on the record as a whole. Specifically, Plaintiff contends the ALJ erred in failing to find Plaintiff's right leg fractures to be severe, and in failing to include within the RFC finding the functional consequences of those impairments.

For the following reasons, the Court finds the ALJ's decision is not based on substantial evidence and is therefore not consistent with the Social Security Administration Regulations and case law.

In her determination, the ALJ did not consider the duration of Plaintiff's right leg injuries consistent with 20 CFR § 404.1567(c). Plaintiff's right leg injuries were assessed 8 months after her surgery, thus, the ALJ was required to assess how long the impairment might be expected to last for the duration determination.  "[T]emporary improvement in a patient's symptoms post-operation does not necessarily equate to long-term improvement. Even if the two did equate, significant improvement in symptoms does not reflect a *degree* of improvement that would warrant a conclusion that the patient's pain has subsided sufficiently to enable resumption of work activity." *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021). *See also Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (explaining the ALJ erroneously relied on doctors' notes that their patient "was 'doing well,' because doing well for the purposes of a treatment program has no

necessary relation to a claimant's ability to work or to her work-related functional capacity.").

Because the ALJ failed to determine whether Plaintiff's leg injury was "expected to last" 12 months or more, particularly in light of the evidence in the record that the orthopedic surgeon's operative report detailed that Plaintiff's surgery included "a very large risk for subtalar arthritis no matter" what surgery was performed. In determining a claimant's RFC, the ALJ may not disregard evidence or ignore potential limitations. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).

## Conclusion

For the reasons stated above, the ALJ's Decision failed to apply the proper analysis regarding Plaintiff's right leg injury. Because the current record does not conclusively demonstrate that Plaintiff is disabled, it would be inappropriate for the Court to award Plaintiff disability benefits at this time. A remand to the Commissioner is warranted for further administrative proceedings to permit the ALJ to determine if Plaintiff's right leg injuries are expected to last 12 months or more and to ascertain whether that determination will have an effect on Plaintiff's RFC and whether her RFC should be modified with regard to what she is capable of performing with her right foot. The ALJ must therefore revisit the RFC

assessment and formulate a new RFC determination that includes all of Plaintiff's

limitations that are supported by substantial evidence in the record.

While the ALJ's decision as to non-disability may not change after properly

considering all evidence of record and undergoing the required analysis, such

determination is for the Commissioner to make in the first instance. *See Pfitzner v.*

*Apfel*, 169 F.3d 566, 569 (8th Cir. 1999).

Accordingly,

**IT IS HEREBY ORDERED** that this matter is remanded to the

Commissioner for further administrative action pursuant to sentence six of 42

U.S.C. § 405(g).

A separate judgment in accordance with this Opinion, Memorandum and

Order is entered this same date.

Dated this 22nd   day of February,  2022.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE